Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 6

Case: 1:23-cv-02185 Document #: 1-2 Filed: 04/06/23 Page 1 of 10 PageID #:55

FILED
4/6/2023 12:15 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02142
Calendar, 6
22184701

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CHANCERY DIVISION

| | |
|---|---|
| JENNIFER CONIDI, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No.  2023CH02142 ) ) |
| vs. | ) ) |
| FURRER INC d/b/a CLICLIME.COM and DOES 1-10 | ) ) ) |
| Defendants | ) ) ) ) |

## NOTICE OF NOTICE OF REMOVAL

TO:  Clerk of Court of Cook County
Chancery Division
50 W Washington St # 80
Chicago, IL 60602

David B. Levin
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
dlevin@toddflaw.com

Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
tfriedman@toddflaw.com

**PLEASE TAKE NOTICE** that on April 6, 2023, Defendant, Furrer Inc. d/b/a Cliclime.com ("Furrer, Inc."), removed this action to the United States District Court for the Northern District of Illinois, Eastern Division by filing the attached Notice of Removal with the Clerk of the District Court.

The Circuit Court of Cook County, Illinois may not proceed further unless and until the case is remanded. *See* 28 U.S.C. § 1446(d). Furrer, Inc. specifically does not consent to personal

1

FILED DATE: 4/6/2023 12:15 PM 2023CH02142

jurisdiction in United States District Court for the Northern District of Illinois, Eastern Division; and Furrer, Inc. maintains all defenses it had in herein with it to the federal court.

        Respectfully submitted,
        **Galanis, Pollack, Jacobs & Johnson, SC**

        By <u>Electronically signed by Zachary L. Enstrom</u>
        Zachary L. Enstrom
        ARDC No. 6331323
        Cook County Atty No. 63759
        *Attorneys for Furrer Inc. d/b/a Cliclime.com*

<u>P.O. Address:</u>
413 N. Second Street
Suite 150
Milwaukee, WI 53203
(414) 271-5400
zenstrom@gpjlaw.com

FILED DATE: 4/6/2023 12:15 PM  2023CH02142

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JENNIFER CONIDI, individually and on behalf of all others similarly situated, )<br>)<br>) | |
| ) Plaintiff, ) | Case No. _____ |
| vs. ) | Hon. _____ |
| )<br>FURRER INC d/b/a CLICLIME.COM )<br>and DOES 1-10 )<br>)<br>Defendants )<br>) | |

## NOTICE OF REMOVAL

Defendant, Furrer Inc. d/b/a Cliclime.com ("Furrer Inc."), pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, 28 U.S.C. § 1446 and 28 U.S.C. § 1453, hereby removes the state court action described below, currently pending in the Circuit Court of Cook County, Illinois to this Court, the Northern District of Illinois, Eastern Division. Furrer Inc. does not consent to personal jurisdiction; and by choosing to remove the State Court Action does not waive personal jurisdiction herein. This Court has original subject matter jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). In support of this Notice of Removal, Defendant respectfully shows this Court the following:

### NATURE OF THE CASE

1. On or about March 3, 2023, Plaintiff, Jennifer Conidi ("Plaintiff") commenced this action by filing a Complaint against Furrer Inc. in the Circuit Court of Cook County, Illinois, Chancery Division captioned *Jennifer Conidi v. Furrer Inc. d/b/a Cliclime.com, et al.* Case No. 2023CH02142 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the

Complaint and all other pleadings that are in the state court file and available to Furrer Inc. are attached hereto as **Exhibit A**.

2. The sole named defendant in the State Court Action is Furrer Inc.

3. Plaintiff alleges six causes of action against Furrer Inc. for violations of the Illinois Biometric Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* (*See* Complaint ¶¶ 1, 46-93).

4. The Complaint alleges Furrer Inc.'s website contains a tool which allows users to take a photograph of their face using their computer's or mobile device's camera. (Complaint ¶26). Plaintiff allegedly used the tool on February 7 and/or February 16, 2023, which took a photograph of her face without her consent. (*Id.* ¶¶ 27-28, 31).

## TIMELINESS OF REMOVAL

5. Furrer Inc. was served a copy of the Summons, Complaint, and associated papers on March 9, 2023. *See* Exhibit A.

6. Removal is timely pursuant to 28 U.S.C. § 1446(b) because Notice is filed within thirty days after service of the Summons and Complaint upon Furrer Inc.

## VENUE

7. Venue is proper in this Court because Plaintiff filed this matter in the Circuit Court of Cook County, Illinois, which lies within the Northern District of Illinois. *See* 28 U.S.C. § 1441(a).

## REMOVAL IS PROPER

8. Furrer Inc. does not consent to personal jurisdiction; and by choosing to remove the State Court Action does not waive personal jurisdiction herein.

9. This Court has subject matter jurisdiction of this action under CAFA. See 28 U.S.C. § 1332(d)(2). CAFA reflects Congress' intent to have federal courts adjudicate substantial class

action suits brought against out-of-state defendants, expands federal jurisdiction over class actions, and expressly provides that class actions filed in state courts are removable to federal court where: (i) the putative class contains at least 100 members; (ii) any member of the putative class is a citizen of a State different from that of any defendant; and (iii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. See 28 U.S.C. §§ 1332(d)(2) & (d)(6).

10. The Supreme Court has held that, in evaluating removal pleadings to determine if CAFA jurisdiction is established, district courts should "apply the same liberal [pleading] rules" as would pertain to other pleadings. *Roberson v. Maestro Consulting Services*, LLC, 507 F.Supp.3d 998, 1011 (S.D. Ill. 2020) (internal citations omitted).

### a. The Putative Class Exceeds 100 Members

11. CAFA requires that the class consist of at least 100 persons. See 28 U.S.C. § 1332(d)(5).

12. Plaintiff claims to bring this action on behalf of

> All individuals who were located in Illinois and whose biometric identifiers and/or biometric information were captured, collected, obtained, stored, used, disclosed, redisclosed, disseminated, transmitted, sold leased, traded, or profited from by Defendants within five years prior to the filing of this lawsuit through the date of class certification.

(Complaint ¶39).

13. Plaintiff alleges that the members of the classes "are so numerous that joinder of all members is impracticable" and that she "does not know the number of members in the Class, but believes the members number in the *thousands, if not more*." (See Complaint ¶¶ 40, 41 (emphasis added).)

14. The Seventh Circuit has held that a defendant may "rely on the estimate of the class number set forth in the complaint" for removal purposes. *See Sabrina Roppo v. Travelers Com.*

3

*Ins. Co.*, 869 F.3d 568, 581-82 (7th Cir. 2017) (reasoning that "Illinois Supreme Court Rule 137(a) requires counsel to sign pleadings filed in state court, and that signature certifies 'that[,] to the best of [counsel's] knowledge, information, and belief formed after reasonable inquiry[,] it is well grounded in fact.'").

15. Accordingly, for removal purposes, Plaintiff's Complaint establishes that this action involves 100 or more putative class members in satisfaction of the first requirement under 28 U.S.C. § 1332(d)(2).

### b. Minimal Diversity of Citizenship Exists.

16. CAFA requires only minimal diversity—at least one putative class member must be a citizen of a state different than one defendant. 28 U.S.C. § 1332(d)(2)(A).

17. Here, many putative class members are citizens of the State of Illinois. Specifically, Plaintiff "brings this action on behalf of herself and ... [a]ll individuals who were located in Illinois and whose biometric identifies and/or biometric information [as] captured...by Defendant. (*Id.*, ¶ 39.) "[A] person's place of residence . . . is prima facie proof of his domicile" for purposes of jurisdiction. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *see State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (same); *Gonzalez v. First NLC Fin. Serv.*, 2009 WL 2513670, at *2 (C.D. Cal. Aug. 12, 2009) (same).

18. In fact, the putative class contains at least one putative class member who is expressly identified as "an individual who was at all relevant times residing in Wheeling, Illinois," namely, Plaintiff Jennifer Conidi. (Complaint ¶ 4); *see Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 886 (9th Cir. 2013) ("under CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party

challenges the allegations. . . . ''); *see also Hollinger*, 654 F.3d at 571 (residence is "prima facie proof" of domicile).

19. For the purposes of CAFA, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, Furrer Inc. is a Delaware corporation with a principal place of business is in Newark, Delaware. Furrer Inc. is not registered with the Secretary of State to do business in Illinois. (See Complaint ¶ 5).

20. The phrase "principal place of business" refers to the place where a company's "high level officers direct, control, and coordinate" operations, and will "typically be found" at a company's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

21. Here, Furrer Inc.'s officers, direct, control, and coordinate Furrer Inc.'s activities from its headquarters in Newark, Delaware. Thus, Furrer Inc.'s principal place of business is in the State of Delaware.

22. Because Furrer Inc. is a citizen of Delaware, and because many putative class members are citizens of Illinois, minimal diversity between the parties exists.

   **c. The CAFA Amount-In-Controversy Requirement is Satisfied.**

23. CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."). In a Notice of Removal, "a defendant may rely on the complaint's allegations . . ." *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854 (7th Cir. 2022). Moreover, the ultimate inquiry depends on what amount is "in controversy" by the plaintiff—not what a defendant will actually owe. *Id.* at 855-56.

24. Here, based upon Plaintiff's allegations and theories (which Furrer Inc. disputes, but which control for removal purposes), the $5,000,000 amount in controversy requirement is satisfied. Plaintiff's prayer for relief seeks for Plaintiff and each member of the putative class, statutory damages for violations of BIPA and punitive damages.

25. Under BIPA a person "aggrieved by a violation of this Act" may "bring an action against an offending party". 740 ILCS 14/20. For each violation, a person may bring an action and recover:

> (1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater; [or]
>
> (2) against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater

*Id.*

26. The Complaint does not quantify the number of alleged violations at issue or otherwise quantify the total amount of damages sought. Plaintiff alleges asserts six causes of action for negligent, and intentional and/or reckless violations of BIPA. Specifically, Plaintiff seeks $1,000 in statutory damages for "each and every negligent violation" of 740 ILCS 14/15(a) (see Complaint ¶ 52); $5,000 in statutory damages for "each and every intentional and/or reckless violations" of 740 ILCS 14/15 (a) (see Complaint ¶ 60); $1,000 in statutory damages for "each and every negligent violation" of 740 ILCS 14/15(b) (see Complaint ¶ 70); $5,000 in statutory damages for "each and every intentional and/or reckless violations" of 740 ILCS 14/15 (b) (see Complaint ¶ 80); $1,000 in statutory damages for "each and every negligent violation" of 740 ILCS 14/15(c) (see Complaint ¶ 86); $5,000 in statutory damages for "each and every intentional and/or reckless violations" of 740 ILCS 14/15 (c) (see Complaint ¶ 92).

27. The Complaint alleges Plaintiff "does not know the number of members in the Class, but believes the members number in the *thousands, if not more*." (See Complaint ¶ 41 (emphasis added).)

28. Thus, the amount in controversy far exceeds the $5,000,000 to satisfy CAFA's amount in controversy requirement (i.e., $1,000 in statutory damages per violation of ILCS 14/15 (a) plus $5,000 in statutory damages per violation of ILCS 14/15 (a) plus $1,000 in statutory damages per violation of ILCS 14/15 (b) plus $5,000 in statutory damages per violation of ILCS 14/15 (b) plus $1,000 in statutory damages per violation of ILCS 14/15 (c) plus $5,000 in statutory damages per violation of ILCS 14/15 (c), multiplied by 2,000 putative class members alone equals $36,000,000 for alleged violations of BIPA).

29. The exceptions to CAFA preventing removal do not apply here.

## CONCLUSION

30. All of the CAFA jurisdictional requirements are met: (i) this action involves 100 or more putative class members; (ii) at least one putative class member is a citizen of a State different from that of Furrer Inc.; and (iii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2). The action therefore is properly removed to this Court. See 28 U.S.C. § 1453.

Dated: April 6, 2023

Respectfully submitted,
**Galanis, Pollack, Jacobs & Johnson, SC**

By <u>Electronically signed by Joshua J. Brady</u>
Joshua J. Brady

Zachary L. Enstrom (Appl for Admission forthcoming)
ARDC No. 6331323
Cook County Atty No. 63759

*Attorneys for Furrer Inc. d/b/a Cliclime.com*

<u>P.O. Address</u>:
413 N. Second Street
Suite 150
Milwaukee, WI 53203
(414) 271-5400
jbrady@gpjlaw.com
zenstrom@gpjlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of Removal was served via U.S. mail, postage prepaid, on this 6th day of April, 2023, on the following counsel of record:

David B. Levin, Esq.
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Tel: 224-218-0882
Fax: 866-633-0228
dlevin@toddflaw.com

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Tel: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com

Attorneys for Plaintiff
JENNIFER CONIDI

/s/ Zachary L. Enstrom
Zachary L. Enstrom